**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4919**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROBERT EARL ROSS, a/k/a Slim, a/k/a Bandana,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   W. Earl Britt, Senior
District Judge.  (5:12-cr-00401-BR-1)

Submitted:  July 29, 2014              Decided:  July 31, 2014

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh,
North Carolina, for Appellant.  Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Earl Ross pled guilty without a plea agreement to conspiracy to distribute and possess with intent to distribute heroin, 21 U.S.C. § 846 (2012), and three counts of distribution of heroin, 21 U.S.C. § 841 (2012). Ross was designated a career offender and, at sentencing, the district court rejected Ross' request for a seven-month downward variance. Ross was sentenced at the low end of his advisory Guidelines range to 151 months' imprisonment. On appeal, Ross challenges the substantive reasonableness of his sentence, contending that it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2012) and that the district court erred in denying his request for a downward variance. Finding no reversible error, we affirm.

We review Ross' sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and, if the sentence is within the properly-calculated Guidelines range, apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216–17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a)

2

factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that Ross has failed to overcome the appellate presumption of reasonableness afforded his sentence. In arguing for a downward variance, defense counsel identified several mitigating factors that he contended justified a reduced sentence, including Ross' disadvantaged childhood, young age, and long standing drug addiction. The district court acknowledged these considerations as well as the fact that Ross' family home had been destroyed twice by fire and that a family member had influenced Ross to take part in a criminal lifestyle. The district court, however, reasonably concluded, in light of Ross' gang activity and violent crimes, that a sentence at the bottom of the Guidelines range satisfied the need for deterrence, just punishment, and rehabilitation. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").

Given the presumption of reasonableness that attaches to a within-Guidelines sentence, we find no abuse of discretion in the district court's decision not to vary downward and to impose a sentence at the low end of the Guidelines range. Accordingly, we affirm the district court's judgment. We

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

                                                              AFFIRMED